# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

TRINA OWENS,

        Debtor.

_____/

Case No. HK 13-02404

Chapter 7

## BANKRUPTCY RULE 7026 / CIVIL RULE 26 ORDER RE:
## UNITED STATES TRUSTEE'S JUNE 3, 2013 MOTION (DN 23)

At a session of said Court of Bankruptcy, held in and for said
district, on _____ JUN – 5 2013 _____.

PRESENT:      HONORABLE JEFFREY R. HUGHES
                     United States Bankruptcy Judge

On June 3, 2013, the United States Trustee ("UST") filed a motion to dismiss Debtor's

Chapter 7 proceeding pursuant to Section 707(b) of the Bankruptcy Code (the "Section 707(b)

motion"). The Court finds that this is a contested matter within the meaning of Fed. R. Bankr. P.

9014.

**Debtor shall file with this Court and serve upon the UST a written response to the**

**UST's Section 707(b) motion, a copy of which is attached hereto, by no later than 14 days from**

**the date this order is served.**

Initial Discovery. The parties may immediately engage in discovery and may continue with

discovery for sixty (60) days from the date this order is served. No discovery beyond that which has

been initiated within this sixty (60) day period will be permitted unless requested by a party in its

written pre-hearing statement. (*See infra*). The purpose for this sixty (60) day discovery period is

to give the parties the opportunity to conduct at least the initial discovery necessary for each party

to sufficiently understand both the factual basis and the legal theories that each opposing party is

relying upon in making its claims, denials, and/or defenses. The Court also expects each party to use this initial discovery period to gather the information necessary to engage in meaningful settlement discussions (*see infra* Settlement) and, if settlement cannot be reached, to be in a position to thoroughly and thoughtfully prepare a written pre-hearing statement that includes all of the points set forth in this order, including a narrative of the material facts and an identification of the legal issues. The Court generally is disposed to granting additional discovery provided the requesting party has been actively engaged in discovery during the initial sixty (60) day period and the requesting party establishes a sufficient need for such additional discovery.

Rule 26(f) Meeting. The parties shall meet in person or telephonically at least once on or before **June 27, 2013**, to, among other things:

(a)    discuss the nature and basis of their claims and defenses;

(b)    make or arrange for the disclosures required by FED. R. BANKR. P. 7026 and FED. R. CIV. P. 26(a)(1);

(c)    discuss any issues about preserving discoverable information; and

(d)    discuss ways for conducting discovery in an orderly and efficient manner. The parties are not required to submit a separate discovery plan. However, the parties may, at their option, incorporate agreements made concerning discovery and submit the same as part of their written pre-hearing statements.

While the UST is expected to initiate discussion concerning the scheduling of the Rule 26(f) meeting, all are expected to work together in good faith to arrive at a mutually acceptable time for the same. All parties are also required to participate in the meeting in good faith. A party who does not meet these responsibilities may be sanctioned; however, in no event will a sanction be imposed unless another party requests the same in its written pre-hearing statement.

Compliance with this section will satisfy whatever is required of the parties under FED. R. BANKR. P. 7026 and FED. R. CIV. P. 26(f).

Rule 26(a)(1) Disclosures.  Each party shall make the various disclosures required by FED. R. BANKR. P. 7026 and FED. R. CIV. P. 26(a)(1) no later than **July 11, 2013**.

Rule 26(a)(2) Expert Witness Disclosures.  Each party shall make the expert witness disclosures required by FED. R. BANKR. P. 7026 and FED. R. CIV. P. 26(a)(2) as part of their written pre-hearing statement.

Settlement.  The parties are also required to discuss at the Rule 26(f) meeting the possibility of promptly settling the matter or otherwise resolving it.  The court also expects the parties to engage in meaningful good faith settlement discussions thereafter if the matter remains unresolved.  The parties may at any time jointly request a status conference with the Court if they believe that such a status conference would facilitate settlement.

If a settlement is reached, the parties shall file with the court a document signed by the parties indicating that the matter has been settled and that either a consent judgment is to be entered or the adversary proceeding is to be dismissed.

Written Pre-Hearing Statement.  Unless a settlement has been reached and the appropriate documents filed, each party shall file with the court a written pre-hearing statement.  All written pre-hearing statements are due on **August 5, 2013**.

Failure to file a timely written pre-hearing statement will result in the Court not taking into consideration that party's position with respect to setting deadlines for further pre-hearing activities and the trial itself.  In addition, the Court, at its discretion, may compel the offending party to still file its narrative of the material facts and its good faith identification of the facts and law it believes

3

will be at issue at trial. A party's failure to timely respond to this second directive from the Court may result in a sanction against that party (e.g., the dismissal of the Section 707(b) motion or a prohibition against further defending the matter).

The written pre-hearing statement shall include the following information:

1.  a) A narrative by the UST of the material facts and law that supports its Section 707(b) motion; or

    b) a narrative by Debtor(s) of the material facts and law that supports Debtor's(s') opposition to the Section 707(b) motion.

2.  The UST's basis for jurisdiction (e.g., 28 U.S.C. § 1334) and whether Debtor(s) dispute(s) this Court's jurisdiction.

3.  Whether the party believes the matter is a core proceeding and the statutory basis for that belief (e.g., 28 U.S.C. § 157(b)(2)(I)).

4.  Whether the party believes that the matter is a non-core, related proceeding, the basis for that belief.

5.  Whether the party consents or not to this Court entering a final judgment subject to appeal pursuant to 28 U.S.C. § 158 were it to be determined that this Court could not enter such a final judgment without that consent.

6.  Whether the party has filed a jury demand.

7.  Confirmation that the party has made the Rule 26(a)(1) disclosures as required by this order.

8.  A description of the discovery that the party has conducted to date.

9.  Whether additional discovery will be needed, together with the party's detailed description of the type of additional discovery that will be required (e.g., a second set of interrogatories to the other party and the deposition of Witness A) and the party's estimate as to the amount of time that will be required to conduct the additional discovery.

10. What, if any, discovery plan has been agreed upon by the parties.

11. The need for any further amendment to the pleadings.

4

12.   Whether the party anticipates filing a dispositive motion.

13.   An identification of each legal issue or legal theory that the party believes in good faith will be contested at trial.

14.   A description of the facts that the party believes in good faith will be contested with respect to each legal issue or theory identified.

15.   The non-expert witnesses that the party expects in good faith to call at trial and the anticipated time it will take to present that testimony.

16.   The expert witnesses the party may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705 and whether any of the experts identified have prepared written reports. FED. R. BANKR. P. 7026 and FED. R. CIV. P. 26(a)(2).

17.   The expected length of the trial.

18.   Confirmation that the Rule 7026(f) meeting required by this order took place and that there were good faith settlement discussions at that meeting.

19.   The current status of settlement discussions and the party's plan for additional settlement discussions prior to trial.

20.   Such other information as the party believes would be useful in connection with the scheduling and/or efficient administration of this adversary proceeding.

The Court encourages the parties to communicate with each other in connection with the preparation of their respective written pre-hearing statements. The Court will accept a joint written pre-hearing statement submitted by all of the parties in lieu of separate statements.

The Court will either issue a pre-hearing order based upon the pre-hearing statements that have been timely filed or schedule a pre-hearing conference.

Failure to comply with this Order may give rise to sanctions against the offending party.

6/5/13

Honorable Jeffrey R. Hughes
United States Bankruptcy Judge

5

A copy of this order has been served by the court pursuant to its CM/ECF electronic notification procedures upon:

Leon F. Schmelzer, Esq.
Dean E. Rietberg, Esq.
Thomas C. Richardson, Ch. 7 Trustee

and served pursuant to first-class United States mail upon: (_____6/6/13_____ (dsk)).

Trina Owens
1276 Arms Street
Marshall, MI 49068

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

Trina Owens,                                   Case No. HK13-02404
                                               Honorable Jeffrey R. Hughes
_____Debtor./                   Chapter 7

### UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE
### PURSUANT TO 11 U.S.C. SECTIONS 707(b)(2) and 707(b)(3)

Daniel M. McDermott, United States Trustee for Region 9 (Michigan/Ohio), respectfully

asks this Court to dismiss this case pursuant to 11 U.S.C. Section 707(b)(1) for the reason that

granting the Debtor a discharge under Chapter 7 of the Bankruptcy Code would constitute an

abuse of the Bankruptcy Code.   In support of his motion, the U.S. Trustee states as follows:

### *I. General Allegations*

1. The petition for relief under Chapter 7 of the Bankruptcy Code was filed on March 25,

2013.   Thomas C. Richardson, Esq. has been appointed as Chapter 7 Trustee for this case, and

continues to serve in that capacity.

2. The 11 U.S.C. Section 341 meeting in this case was first set for April 23, 2013.

3. The Court has jurisdiction over this matter under 28 U.S.C. Sections 1334 (a) and (b);

28 U.S.C. Sections 157(a) and (b)(1); and 28 U.S.C. Section 151.   This is a core proceeding

pursuant to 28 U.S.C. Sections 157(b)(2)(A) and (B). The United States Trustee has jurisdiction

23

and standing to file this motion pursuant to 11 U.S.C. Section 307, 11 U.S.C. Section 707(b) and 28 U.S.C. Section 586(a)(5).

4. Along with the petition, the Debtor filed a second Amended Statement of Current Monthly Income and Means Test Calculation, Form B22A on April 24, 2013.   On that Statement, the Debtor stated that according to the calculations required by the statement, no presumption of abuse arises in this case under 11 U.S.C. Section 707(b)(2).

5. The Debtor has one secured debt for $1,000 listed on her Schedule D.   The Debtor has three priority unsecured debts on her amended Schedule E totaling $25,527.   The Debtor's nonpriority unsecured debt on her amended Schedule F includes ten creditors with claims totaling $60,853.   These debts are primarily consumer debts within the meaning of 11 U.S.C. Section 707(b).

6. Schedule I-Current Income of Individual Debtor(s), lists "Combined Average Monthly Income" for the Debtor on line 16 of $2,995.

7. Amended Schedule J-Current Expenditures of Individual Debtor(s), lists "Average Monthly Expenses" for the Debtor on line 18 of $3,706.

8, Upon the face of the Schedules, the Debtor has no "Monthly Net Income" on line 20c of Schedule J which the Debtor could devote toward repayment of the Debtor's debts.   The Debtor is single with no dependents.

9. Pursuant to 11 U.S.C. Section 704(b)(1)(a), the United States Trustee reviewed the materials filed by the Debtor.   On May 3, 2013, the U.S. Trustee filed a Statement of Presumed Abuse under 11 U.S.C. Section 707(b) in this case.

***II. The Presumption of Abuse Arising in this Case under 11 U.S.C. Section 707(b)(2) Is***

***Conclusive and Requires the Dismissal of this Case under 11 U.S.C. Section 707(b)(1)***

10. A number of line items in the Debtor's Statement of Current Monthly Income and Means Test Calculation, Form B22A, were miscalculated.

11.    Attached as an exhibit is a Means Test Calculation done by the United States Trustee, based on the Debtor's documentation which more appropriately determines disposable income.

12.    The Debtor's incorrect Form B22A monthly expense figures and the U.S. Trustee's adjustments to those figures are listed below:

| Line | Line title | Original | UST recalc | Reason for Change |
|------|-----------|----------|-----------|-------------------|
| 3 | Gross wages | $ 4,069.61 | $ 4,428.89 | Debtor's pay advices for the period August 1, 2012, through February 28, 2013 |
| 25 | Taxes | $ 1,033.44 | $ 1,099.46 | Calculated Debtor's actual tax burden using Debtor's current marginal tax rate |
| 44 | Payments on prepetition priority claims | $    383.77 | $    425.45 | Based upon Debtor's amended Schedule E |
| 45 | Chapter 13 admin exp | $    - 0 - | $    23.62 | Chapter 13 administrative expense |

13.    After the Debtor's Form B22A is corrected, the Debtor has:

Line 48 current monthly income: $4,428.89;

Line 49 current monthly expenditures: $4,094.31; and,

˅3˅

**Line 50** monthly disposable income: $334.58.

14. Section 707(b)(2)(A)(i) provides that the Court shall presume abuse exists if the Debtor's current monthly income reduced by allowed deductions and multiplied by 60 is equal to or greater than 25% of the nonpriority unsecured claims or $7,025, whichever is greater, or is greater than $11,725. (The sum of $11,725 divided by 60 months would be $195.42 per month; therefore, if the monthly disposable income exceeds $195.42, it is clear that the Court must presume an abuse exists.)

15. After appropriately allowed expenses, the Debtor has more than $195.42 in net monthly disposable income.   If the Debtor's net monthly disposable income of $334.58 is multiplied by 60, the result would be a total of $20,074.80.   *Accordingly, the presumption of abuse arises in this case.*

16. Section 707(b)(1) provides in part that, "the court...may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or chapter 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter." Section 707(b)(2) provides in part that in considering whether the granting of relief would be an abuse of the provisions of Chapter 7, "the court shall presume abuse exists if the debtor's current monthly income reduced by [the deductions] and multiplied by 60 is not less than the lesser of: (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $7,025, whichever is greater; or (II) $11,725."

17.   Section 707(b)(2)(B)(i) provides in part that, "In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces..."

˘4˘

18. The United States Trustee is unaware of any special circumstances such as a serious medical condition or a call to active duty in the Armed Forces that could be claimed by the Debtor.

19. Therefore, since there are no special circumstances that may be claimed by the Debtor to rebut the presumption of abuse under Section 707(b)(2), then the presumption of abuse must be conclusive and the Court must dismiss this case under 11 U.S.C. Section 707(b)(1).

### III. The Totality of Circumstances Establishes the Requisite Abuse for Dismissal under In re Krohn and 11 U.S.C. Section 707(b)(3)

20. Alternatively, this case should be dismissed by the Court under Section 707(b)(1) after consideration of the factors set forth in Section 707(b)(3).

21.   Based on the pay stubs for the Debtor and other documentation submitted by the Debtor, the Debtor's average monthly income after adjusted payroll deductions was approximately $3,355 per month, or *$360/mo. more than listed by the Debtor on Schedule I.*   The Debtor anticipates earning $52,512 this year.

22.   The Debtor's payroll deductions and expense budget includes a generous monthly allowance for the following items which are not reasonably necessary for the Debtors' maintenance and support at this level, and which could reasonably be reduced:

| Budget Item | Debtors' $ Expense | UST Adjusted $ Expense | $ Available for Creditors |
|---|---|---|---|
| IRS[1] | $   383 | $   -0- | $ 383 |

---

[1]The Debtor would need to pay all of its priority tax debt *pro rata* if the case were converted to Ch. 13.

| | | | |
|---|---|---|---|
| Student loan[2] | $ 206 | $   -0- | $ 206 |
| Lothamar Acct[3] | $ 487 | $   -0- | $ 487 |

Reasonable reductions for these budget items *produce $1,076 per month to further repay creditors.*
The U.S. Trustee specifically gives notice that he reserves the right, if necessary, to challenge or
adjust the amounts on the Debtor's Schedule J expense budget after conducting discovery.   At this
point, however, the Debtor's income alone produces significant disposable income available for
repayment to his creditors.

23.   Therefore, after making the adjustments to the Debtor's budget discussed in paragraphs
21 and 22 above, but allowing all other stated Schedule J expenses, the Debtor should have *$726
per month which the Debtor can devote to repayment of the Debtor's prepetition creditors.*

24.   The United States Court of Appeals for the Sixth Circuit held in *In re Krohn*, 886 F. 2d
123 (6th Cir.1989), a "totality of circumstances" case, that a debtor's ability to pay his debts out of
future earnings may alone be sufficient grounds to dismiss the debtor's Chapter 7 proceeding as a
substantial abuse under 11 U.S.C. Section 707(b).[4]   The Bankruptcy Court can also consider the
alternatives available to debtors, including "good, old fashioned belt tightening."   *Krohn*, at 128;
*See also, Behlke v. Eisen (In re Behlke)*, 358 F. 3d 429 (6th Cir. 2004); *Wilson v. United States
Trustee (In re Wilson)*, 125 B.R. 742, 746-747 (W.D. Mich. 1990).   The Debtor has the ability to

---

[2]In a hypothetical Chapter 13 case, the Debtors' student loans would be paid *pro rata* with
the rest of the Debtors' general unsecured claims.

[3]The Debtor could reject this service contract.
[4]The recent amendments to the Bankruptcy Code have reduced the standard from the
"substantial abuse" of the former version of Section 707(b) to the mere "abuse" of the current
version of Section 707(b).

pay a substantial portion of the Debtor's debts which justifies dismissal of this chapter 7 proceeding under Section 707(b)(3).

### IV. Conclusion

25.    Since the debts listed in the bankruptcy schedules are primarily consumer debts and since a conclusive presumption of abuse in the filing of this case arises under 11 U.S.C. Section 707(b)(2), granting a discharge under Chapter 7 in this case would constitute an abuse of the Bankruptcy Code and this case should be dismissed under 11 U.S.C. Section 707(b)(1). Alternatively, if the presumption of abuse does not arise in this case under 11 U.S.C. Section 707(b)(2) or is rebutted, then this case should be dismissed under Section 707(b)(1) after consideration of the factors of Section 707(b)(3).    *In re Krohn,* 886 F.2d 123 (6th Cir. 1989).

WHEREFORE, the United States Trustee respectfully requests that the Court dismiss this chapter 7 proceeding and provide such other relief as is equitable.

DANIEL M. McDERMOTT
United States Trustee
Region 9

Dated:_____5-31-13_____    By:    _____/s/_____
Dean E. Rietberg (P38872)
Trial Attorney
Office of the United States Trustee
125 Ottawa Ave. NW
Suite 200R
Grand Rapids, Michigan 49503
Tel: (616) 456-2002, ext. 115

UST Recalculated Means Test

B 22A (Official Form 22A) (Chapter 7) (12/10)

OWENS, TRINA

In re _____
          Debtor(s)

Case Number: 461-13-02404
          (If known)

According to the information required to be entered on this statement
(check one box as directed in Part I, III, or VI of this statement):

☑ The presumption arises.
☐ The presumption does not arise.
☐ The presumption is temporarily inapplicable.

## CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
## AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor. If none of the exclusions in Part I applies, joint debtors may complete one statement only. If any of the exclusions in Part I applies, joint debtors should complete separate statements if they believe this is required by § 707(b)(2)(C).

| Part I.  MILITARY AND NON-CONSUMER DEBTORS |
|---|

| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement. <br><br> ☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
|---|---|
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement. <br><br> ☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.** <br><br> ☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard <br><br>         a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and <br>            ☐ I remain on active duty /or/ <br>            ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed; <br><br>         OR <br><br>         b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/ <br>            ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

# UST Recalculated Means Test

B 22A (Official Form 22A) (Chapter 7) (12/10)                                                                                                    2

| | Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION | | |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☑ **Unmarried. Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐ Married, not filing jointly, with declaration of separate households.  By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br>d. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | |

| | | Column A<br>Debtor's<br>Income | Column B<br>Spouse's<br>Income |
|---|---|---|---|
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing.  If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | |
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $    4,428.89 | $ |
| 4 | **Income from the operation of a business, profession or farm.**  Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero.  **Do not include any part of the business expenses entered on Line b as a deduction in Part V.**<br><br>a. \| Gross receipts \| $<br>b. \| Ordinary and necessary business expenses \| $<br>c. \| Business income \| Subtract Line b from Line a | $ | $ |
| 5 | **Rent and other real property income.**  Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5.  Do not include a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**<br><br>a. \| Gross receipts \| $<br>b. \| Ordinary and necessary operating expenses \| $<br>c. \| Rent and other real property income \| Subtract Line b from Line a | $ | $ |
| 6 | **Interest, dividends and royalties.** | $ | $ |
| 7 | **Pension and retirement income.** | $ | $ |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.**  Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed.  Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $ | $ |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act \| Debtor $ _____ \| Spouse $ _____ | $ | $ |

# UST Recalculated Means Test

B 22A (Official Form 22A) (Chapter 7) (12/10)                                                                                                    3

| 10 | Income from all other sources. Specify source and amount. If necessary, list additional sources on a separate page. Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | |
|---|---|---|---|
| | a. | $ | |
| | b. | $ | |
| | Total and enter on Line 10 | $ | $ |
| 11 | Subtotal of Current Monthly Income for § 707(b)(7). Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $ 4,428.89 | $ 0.00 |
| 12 | Total Current Monthly Income for § 707(b)(7). If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | | $ 4,428.89 |

## Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | Annualized Current Monthly Income for § 707(b)(7). Multiply the amount from Line 12 by the number 12 and enter the result. | $ 53,146.68 |
|---|---|---|
| 14 | Applicable median family income. Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) a. Enter debtor's state of residence: Michigan   b. Enter debtor's household size: 1 | $ 44,116.00 |
| 15 | Application of Section 707(b)(7). Check the applicable box and proceed as directed. ☐ The amount on Line 13 is less than or equal to the amount on Line 14. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII. ☑ The amount on Line 13 is more than the amount on Line 14. Complete the remaining parts of this statement. |  |

**Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.)**

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | Enter the amount from Line 12. | $ 4,428.89 |
|---|---|---|
| 17 | Marital adjustment. If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | |
| | a. $ | |
| | b. $ | |
| | c. $ | |
| | Total and enter on Line 17. | $ 0.00 |
| 18 | Current monthly income for § 707(b)(2). Subtract Line 17 from Line 16 and enter the result. | $ 4,428.89 |

DOJ 22A Exhibit

# UST Recalculated Means Test

B 22A (Official Form 22A) (Chapter 7) (12/10)                                                                                    4

| | Part V. CALCULATION OF DEDUCTIONS FROM INCOME | | |
|---|---|---|---|
| | **Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)** | | |
| 19A | **National Standards: food, clothing and other items.** Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | | $ 565.00 |
| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | | $ 60.00 |

| | Persons under 65 years of age | | | Persons 65 years of age or older | | |
|---|---|---|---|---|---|---|
| a1. | Allowance per person | | 60.00 | a2. | Allowance per person | |
| b1. | Number of persons | | 1 | b2. | Number of persons | |
| c1. | Subtotal | | 60.00 | c2. | Subtotal | |

| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | | 422.00 $ |
|---|---|---|---|
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | | |

| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ | 733.00 |
|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ | |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ 733.00 |

| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | | |
|---|---|---|---|
| | _____ <br> _____ <br> _____ | | $ |

# UST Recalculated Means Test

| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br><br>☐ 0  ☑ 1  ☐ 2 or more.<br><br>If you checked 0, enter on Line 22a the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22a the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $      212.00 |
|---|---|---|
| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br><br>☐ 1  ☐ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | |
|---|---|---|

| a. | IRS Transportation Standards, Ownership Costs | $                517.00 | |
|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $                  16.67 | |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $      500.33 |

| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | |
|---|---|---|

| a. | IRS Transportation Standards, Ownership Costs | $ | |
|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ | |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ |

| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self-employment taxes, social-security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $   1,099.46 |
|---|---|---|
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ |

# UST Recalculated Means Test

B 22A (Official Form 22A) (Chapter 7) (12/10)                                                                                      6

| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
|---|---|---|
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare—such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. Do not include payments for health insurance or health savings accounts listed in Line 34. | $      60.00 |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service—such as pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $    3,651.79 |

### Subpart B: Additional Living Expense Deductions
### Note: Do not include any expenses that you have listed in Lines 19-32

| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | |
|---|---|---|
| | a. Health Insurance  —  $ 15.82 <br> b. Disability Insurance  —  $ 52.78 <br> c. Health Savings Account  —  $ | |
| | Total and enter on Line 34 | $      68.60 |
| | **If you do not actually expend this total amount, state your actual total average monthly expenditures in the space below:** <br> $ _____ | |
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $       0.00 |

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

# UST Recalculated Means Test

| | | | |
|---|---|---|---|
| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | 0.00 |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ | |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ | 68.60 |

## Subpart C: Deductions for Debt Payment

<table>
<tr><td rowspan="6">42</td><td colspan="4"><b>Future payments on secured claims.</b> For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42.</td><td rowspan="6"></td><td rowspan="6"></td></tr>
<tr><td>Name of Creditor</td><td>Property Securing the Debt</td><td>Average Monthly Payment</td><td>Does payment include taxes or insurance?</td></tr>
<tr><td>a.</td><td></td><td>Mortgage</td><td>$</td><td>☐ yes ☐ no</td></tr>
<tr><td>b.</td><td></td><td>Vehicle 1</td><td>$ 16.67</td><td>☐ yes ☐ no</td></tr>
<tr><td>c.</td><td></td><td>Vehicle 2</td><td>$</td><td>☐ yes ☐ no</td></tr>
<tr><td></td><td></td><td>Other</td><td colspan="2">Total: Add Lines a, b and c.</td></tr>
</table>

Line 42 total: $ 16.67

<table>
<tr><td rowspan="5">43</td><td colspan="3"><b>Other payments on secured claims.</b> If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page.</td><td rowspan="5"></td></tr>
<tr><td>Name of Creditor</td><td>Property Securing the Debt</td><td>1/60th of the Cure Amount</td></tr>
<tr><td>a.</td><td></td><td>$</td></tr>
<tr><td>b.</td><td></td><td>$</td></tr>
<tr><td>c.</td><td></td><td>$</td></tr>
</table>

Total: Add Lines a, b and c   $ 0.00

| | | | |
|---|---|---|---|
| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ | 333.63 |

# UST Recalculated Means Test

B 22A (Official Form 22A) (Chapter 7) (12/10)                                                                                                          8

| 45 | Chapter 13 administrative expenses. If you are eligible to file a case under chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | | |
|---|---|---|---|---|
| | a. | Projected average monthly chapter 13 plan payment. | $            358.20 | |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x            0.066 | |
| | c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b | $            23.62 |

| 46 | Total Deductions for Debt Payment. Enter the total of Lines 42 through 45. | $            373.92 |
|---|---|---|

## Subpart D: Total Deductions from Income

| 47 | Total of all deductions allowed under § 707(b)(2). Enter the total of Lines 33, 41, and 46. | $            4,094.31 |
|---|---|---|

## Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | Enter the amount from Line 18 (Current monthly income for § 707(b)(2)) | $            4,428.89 |
|---|---|---|
| 49 | Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2)) | $            4,094.31 |
| 50 | Monthly disposable income under § 707(b)(2). Subtract Line 49 from Line 48 and enter the result | $            334.58 |
| 51 | 60-month disposable income under § 707(b)(2). Multiply the amount in Line 50 by the number 60 and enter the result. | $            20,074.80 |
| 52 | Initial presumption determination. Check the applicable box and proceed as directed. <br><br> ☐ The amount on Line 51 is less than $7,025*. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI. <br><br> ☑ The amount set forth on Line 51 is more than $11,725*. Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII.  Do not complete the remainder of Part VI. <br><br> ☐ The amount on Line 51 is at least $7,025*, but not more than $11,725*. Complete the remainder of Part VI (Lines 53 through 55). | |
| 53 | Enter the amount of your total non-priority unsecured debt | $            60,853.29 |
| 54 | Threshold debt payment amount. Multiply the amount in Line 53 by the number 0.25 and enter the result. | $            15,213.32 |
| 55 | Secondary presumption determination. Check the applicable box and proceed as directed. <br><br> ☐ The amount on Line 51 is less than the amount on Line 54. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. <br><br> ☑ The amount on Line 51 is equal to or greater than the amount on Line 54. Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII.  You may also complete Part VII. | |

## Part VII: ADDITIONAL EXPENSE CLAIMS

| 56 | Other Expenses. List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I).  If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item.  Total the expenses. | | |
|---|---|---|---|
| | | Expense Description | Monthly Amount |
| | a. | | $ |
| | b. | | $ |
| | c. | | $ |
| | | Total:  Add Lines a, b and c | $            0.00 |

*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

# UST Recalculated Means Test

| Part VIII: VERIFICATION |
|---|
| **57** | I declare under penalty of perjury that the information provided in this statement is true and correct.  *(If this is a joint case, both debtors must sign.)*<br><br>Date: _____      Signature: _____<br>                                                                                          *(Debtor)*<br><br>Date: _____      Signature: _____<br>                                                                                          *(Joint Debtor, if any)* |